**Jay GEROW, an individual and ZDI Gaming, Inc., a Washington corporation, Plaintiffs–Appellants,**

v.

**State of WASHINGTON; et al., Defendants–Appellees.**

No. 08–35885.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2010.*

Filed June 14, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joan Kristine Mell, III Branches Law, PLLC, Fircrest, WA, for Plaintiffs–Appellants.

Jerry Alan Ackerman, Senior Counsel, Harold Bruce Marvin, Esquire, Assistant Attorney General, AGWA–Office of the Washington Attorney General, Ruth Ammons, Assistant Attorney General, Attorney General of Washington, Olympia, WA, for Defendants–Appellees.

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

## MEMORANDUM **

■ The district court did not err in granting the defendants' motion for judgment on the pleadings, see Fed.R.Civ.P. 12(c), because the individual defendants are entitled to legislative immunity from suit. Here, under the four factors stated in *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1220 (9th Cir.2003), we conclude

** This disposition is not appropriate for publication and except as provided by 9th Cir. R.

that the rulemaking at issue is legislative in character. First, the regulations are a formulation of the Washington Gambling Commission's policy because they are rules that apply regardless of the circumstances of particular cases rather than being ad hoc. *See id.* Second, the regulations, by their very terms, apply to the public at large. *See id.* at 1222. Third, the Commission members voted on the regulations, rendering them formally legislative. *See id.* at 1223. Fourth, the regulations bear the hallmarks of traditional legislation because they have prospective implications. *See id.*

Because this type of rulemaking is a legislative action, the defendant Commissioners, including Prentice, have absolute immunity for their actions associated with the passage of the rules. *See Bogan v. Scott–Harris*, 523 U.S. 44, 52, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). The immunity also extends to Gambling Commission Director Day for his actions because they "were integral steps in the legislative process." *Id.* at 55, 118 S.Ct. 966. The alleged statements made by Prentice and Day cannot be the basis of liability: ZDI does not allege that these statements caused it independent harm, but rather that they are evidence of the Commission's retaliatory animus. However, "[t]he claim of an unworthy purpose does not destroy the privilege" of legislative immunity. *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

■ After dismissing all federal claims, the district court did not abuse its discretion in dismissing ZDI's related state law claims. *See* 28 U.S.C. § 1367(c)(3). Because a district court may not consider materials outside the pleadings in adjudi-

36–3.

cating a Rule 12(c) motion, *see Fleming v. Pickard,* 581 F.3d 922, 925 & n. 4 (9th Cir.2009), the district court did not abuse its discretion in striking ZDI's supplemental materials. Defendants' motion to strike ZDI's reply brief is denied as moot.

**AFFIRMED.**